In re **GREYHOUND LINES, INC. and Eric Melton.**

No. 04–03–00624–CV.

Court of Appeals of Texas, San Antonio.

April 7, 2004.

Marisia Parra, Kelly J. Thurman, Lawrence J. McNamara, Locke Liddell & Sapp LLP, Dallas, for appellant.

Adam Poncio, Law Offices of Cerda & Poncio, P.C., Alex Katzman, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, and KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

Relators Greyhound Lines, Inc. and Eric Melton filed this petition for writ of mandamus complaining of the trial court's order to compel production. Because the trial court's order is overbroad, we conditionally grant the writ in part.

### Background

Lorrilisa Ramirez filed a lawsuit against her former employer, Greyhound Lines Inc., and her former supervisor, Eric Melton.[2] Ramirez seeks damages for wrong-

**2.** Although there are three plaintiffs below, the present discovery dispute involves only

ful termination under the Texas Labor Code, intentional infliction of emotional distress, assault, and negligent retention and supervision. She claims her supervisor, Melton, began a pattern of discrimination and harassment after she reported an incident of sexual harassment by another employee. She says Melton retaliated against her for making the report, subjecting her to a hostile work environment and ultimately firing her.

Ramirez served interrogatories and requests for production to which Greyhound and Melton filed objections and responses. Ramirez then filed a motion to compel, and the trial court held a hearing at which the trial court made oral rulings and asked Ramirez's counsel to prepare a proposed order. The parties could not agree on the substance of the order, therefore, a second hearing was held. At the second hearing, the trial court signed an order but indicated that a supplemental order would be signed, further limiting the scope of discovery. Although Greyhound and Melton moved the trial court to sign the supplemental order, no supplemental order was ever signed. Greyhound and Melton then filed this mandamus action.

The objections at issue in this proceeding are broad-based, general objections designed to limit the overall scope of Ramirez's interrogatories and requests for production. Greyhound and Melton seek to limit discovery to information and documents regarding:

1. Greyhound's San Antonio terminal,

2. the period of time that Ramirez was employed at the San Antonio terminal, and

3. similarly situated employees.

interrogatories and requests for production propounded to Greyhound and Melton by Ra-

Ramirez argues Greyhound and Melton waived their objections by an agreement announced in open court.

### Standard for Mandamus Review

■ Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992). The scope of discovery is largely within the discretion of the trial court. *In re Am. Optical Corp.,* 988 S.W.2d 711, 713 (Tex.1998); *Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex.1995). However, "[a] discovery order that compels overly broad discovery 'well outside the bounds of proper discovery' is an abuse of discretion for which mandamus is the proper remedy." *Dillard Dep't Stores,* 909 S.W.2d at 492 (quoting *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex. 1995)).

### Discussion

#### (a) Scope of Discovery

■ In employment claims, the type of claim determines the scope of discovery allowed. Courts distinguish between an individual's claim against a company for acts committed against that individual and company-wide claims that a company has a pattern or practice of discrimination against a particular classification of employees. *See In re i2 Technologies, Inc.,* 05–98–01780–CV, 1998 WL 887558, at *1 (Tex.App.-Dallas Dec.22, 1998, orig. proceeding) (not designated for publication) (comparing *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1090 (5th Cir.1995) (individual claim of discrimination) with *Duke v. Univ. of Tex. at El Paso,* 729 F.2d 994, 995 (5th Cir.1984), *cert. denied* 469 U.S.

mirez.

982, 105 S.Ct. 386, 83 L.Ed.2d 320 (1984) (consolidating claims of university-wide problem)). In a claim for individual acts of discrimination, the plaintiff is not necessarily entitled to information about other employees, unless those other employees are "similarly situated." *Id.,* at \*2 (citing *Durbin v. Dal–Briar Corp.,* 871 S.W.2d 263, 268–69 (Tex.App.-El Paso 1994, writ denied) [3]); *see also Texaco,* 898 S.W.2d at 814 (plaintiff claiming personal injuries at one plant, rather than company-wide policy, not entitled to broad discovery of safety documents not related to plaintiff's circumstances).

The Fifth Circuit has adopted a similar standard, referring to relevant discovery as that which involves employees whose circumstances are "nearly identical" to that of the plaintiff. *See Mayberry,* 55 F.3d at 1090. "Similarly situated" or "nearly identical" generally means activity at the same plant or office, by the same supervisory personnel, and by the same pattern of conduct. *See Durbin,* 871 S.W.2d at 269; *In re Ashland Oil,* 05–98–00708–CV, 1998 WL 351293, at \*3 (Tex. App.-Dallas July 2, 1998, orig. proceeding) (not designated for publication).

In this case, the trial court allowed Ramirez to conduct discovery from "the Texas offices for a period of five years prior to the Plaintiff's termination." Greyhound and Melton argue this scope of discovery allows Ramirez to conduct a "fishing" expedition of the type repeatedly condemned by the Texas Supreme Court.

*See K–Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex.1996); *Dillard Dep't Stores,* 909 S.W.2d at 492; *Texaco,* 898 S.W.2d at 815.

We agree that Ramirez has not alleged a company-wide policy of discrimination, therefore, ideally her discovery should be limited to the San Antonio terminal [4] and to employees that are similarly situated. The time period need not be limited to the period she was employed. Because the relevant information is the conduct of Ramirez's supervisor, Melton, proper discovery might include persons who were subjected to similar discrimination by Melton, even prior to Ramirez's employment. However, Ramirez questions whether Greyhound and Melton waived some of their objections by agreements made on the record at the hearings.

### (b) Waiver

#### (1) Similarly Situated Employees

In their written objections, Greyhound and Melton argued that discovery should be limited to similarly situated employees.[5] When counsel for Greyhound attempted to explain the basis for those objections at the hearing, the trial court cut her off, stating he found the objections " prophylactic, repetitive and obfuscating to say the least." The trial court then overruled all objections except those pertaining to place and time.

Although the trial court did not allow counsel to argue at the hearing that discovery should be limited to similarly situ-

---

**3.** Overruled on other grounds, *Golden Eagle Archery, Inc. v. Jackson,* 24 S.W.3d 362 (Tex. 2000).

**4.** Ramirez alleges that Greyhound has a pattern of ignoring the wrongful conduct of her supervisor, Melton, therefore, if it is shown that Melton worked at other terminals, discovery might be properly expanded to those terminals.

**5.** Greyhound and Melton objected to discovery regarding employees who alleged they were subjected to types of discrimination that are not at issue in Ramirez's case "whether such matters have any relationship to the case at bar."

ated employees, the objection was not waived. The written objections, although not a model of clarity, state the problem to be one of scope—that the plaintiff is seeking information about employees whose allegations of discrimination have no relationship to the issues or the parties in this case. The trial court abused its discretion by not limiting the scope of the discovery to information about similarly situated employees as those individuals are defined in the case law.

### (2) Place and Time

■ Ramirez claims any objections to the trial court's order as to place and time were waived because the parties agreed to a limitation on place and time that was properly incorporated into the trial court's order. Greyhound and Melton say waiver did not occur because there was never any agreement between the parties.

In the first hearing, after the parties recessed briefly to see if some agreement could be reached, counsel for Greyhound and Melton returned and told the court:

> We have also indicated that a number of our objections would be removed based on [opposing counsels'] agreement to limit the time frame for the discovery to the five years prior to the termination of the Plaintiff, as well as the scope of the Interrogatories and Request for Production to either the San Antonio terminal or the State of Texas.

The trial court then orally announced that discovery would be limited to the Texas terminals for a period of five years prior to Ramirez's termination.[6] When the parties could not agree on the order to be entered, a second hearing was held. At that hearing, Greyhound and Melton argued the

discovery should be limited even further.[7] However the trial court stated, "Well, I think I did five on the earlier order and I am going to stay with five."

■ Because no agreement was reached as to discovery and because they asked for a further limitation before the order was finally signed, Greyhound and Melton did not waive their objections to the scope of time and place. However, the trial court has broad discretion in discovery matters. *See In re Am. Optical*, 988 S.W.2d at 713. Greyhound and Melton indicated that a period of five years and a geographic limitation to Texas terminals would be acceptable, and the trial court made its initial ruling based on that representation. Discovery limited to five years prior to the date of Ramirez's termination and within the State of Texas is not outside the bounds of proper discovery. Under these circumstances, the trial court did not abuse its discretion by refusing to alter the order it made at the first hearing.

### Conclusion

The trial court abused its discretion by allowing discovery of information regarding persons who are not similarly situated to Ramirez. We conditionally grant the petition for writ of mandamus in part and expect that the trial court will modify its order within twenty days of our opinion. If the trial court fails to comply, we will issue the writ. All other relief requested by relators is denied. Each party shall pay its own costs of this proceeding.

---

6. The trial court noted, "[You] gave them way too much because I always go with three years not five."

7. Counsel argued: "My request is for three years, Your Honor. He wrote in five years. We believe that it actually should be limited even further to the period that she [Ramirez] worked there. Your Honor indicated that its practice is three years which is why we put three years."