Steven PIAZZA, Appellant,

v.

CINEMARK, USA, INC., Appellee.

No. 11–03–00345–CV.

Court of Appeals of Texas, Eastland.

Oct. 27, 2005.

Joe Alfred Izen, Jr., Izen & Assoc., Bellaire, for appellant.

Karen D. Smith, Rachael M. Rolon, Drucker, Rutledge, Ward & Smith, The Woodlands, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

This is an appeal from a take-nothing summary judgment in an employment discrimination case filed pursuant to TEX. LAB. CODE ANN. ch. 21 (Vernon 1996 & Supp.2004–2005). Steven Piazza sued his former employer, Cinemark, USA, Inc., after he was terminated. In his petition, Piazza, a Caucasian male, alleged that he was denied a promotion and was terminated because of his race. Cinemark filed a motion for summary judgment, which the trial court granted. Piazza presents two points of error on appeal, complaining of the summary judgment and the denial of a motion to compel discovery. We affirm.

In the first point of error, Piazza contends that the trial court erred in granting Cinemark's motion for summary judgment and in denying his cross-motion for partial summary judgment. Cinemark moved for summary judgment on the following grounds: Piazza could not show a prima facie case of discrimination, Cinemark established legitimate nondiscriminatory reasons for its actions, and Piazza failed to demonstrate that Cinemark's reasons were untrue or pretextual.

■ Although Piazza alleged a cause of action under Texas law, we will look to federal precedent for guidance because the relevant parts of our state law "are patterned after Title VII of the federal Civil Rights Act." *Quantum Chemical Corporation v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001). In order to review a summary judgment in an employment discrimination case, we must apply the burden-shifting analysis established by the United States Supreme Court. *Wal–Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex.2003)(citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under such analysis, a plaintiff must first establish a prima facie case of discrimination. *Raytheon Company v. Hernandez*, 540 U.S. 44, 49–50 n. 3, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003). After a prima facie case is established, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *Raytheon Company v. Hernandez, supra.* If the employer meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual. *Raytheon Company v. Hernandez, supra.*

■ Section 21.051 of the Texas Labor Code provides:

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

Section 21.125 clarifies Section 21.051 by providing that a plaintiff need only demonstrate that race, color, sex, national origin, religion, age, or disability was "a motivating factor" for the employment practice. In order to establish a prima facie case of discrimination under these provisions, a plaintiff must produce evidence showing (1) that he is a member of a protected class, (2) that he suffered an adverse employment action, (3) that he was qualified for the job, and (4) that he was replaced by someone not in his protected class. *Bowen v. El Paso Electric Company*, 49 S.W.3d 902, 908 (Tex.App.-El Paso 2001, pet'n den'd).

The record in this case shows that, after receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Piazza filed suit alleging that Cinemark favored Hispanics and that it discriminated against him when it failed to promote him to the position of general manager on April 10, 2001, and when it fired him on July 21, 2001. However, the general manager position about which Piazza complains was given to a Caucasian male. Also, according to Piazza's deposition, the person who was hired to replace Piazza after he was fired was "a white individual." Although Piazza's summary judgment evidence indicated that one of his superiors, Patti Castillo, generally preselected Hispanics or spouses of Hispanics for general manager positions in her area, Piazza failed to produce any summary judgment evidence indicating that race

was a motivating factor in the April 2001 promotion or in his July 2001 discharge—the only two incidents of discrimination that were alleged in Piazza's petition. The summary judgment evidence shows that both of these positions were actually filled by members of the protected class. Thus, Piazza failed to meet his minimal burden of showing a prima facie case of discrimination, and the trial court did not err in granting Cinemark's motion for summary judgment.

■ Piazza also contends in his first point of error that he was entitled to partial summary judgment based upon the ruling of the Texas Workforce Commission (TWC) granting unemployment benefits to Piazza based upon its finding that Piazza was not discharged for work-connected "misconduct" as that term is used by the TWC. The issue decided by the TWC did not, however, in any way address discrimination. Therefore, Piazza's argument concerning "doctrine preclusion" is without merit. Piazza's first point of error is overruled.

■ In his second point of error, Piazza contends that the trial court abused its discretion in denying his motion to compel discovery. The record reflects that, prior to the hearing on the summary judgment, Piazza filed a motion to compel discovery and a second motion for continuance. In his brief, Piazza specifically complains of the trial court's refusal to compel discovery with respect to Piazza's demand that Cinemark:

> Produce all employment records of all employees which include or reference Cinemark's evaluations, promotions, hirings, disciplinary actions and terminations from the date Plaintiff was hired until the date Plaintiff was terminated and provide the name, current address and current telephone number of each

such employee, along with such employee's racial classification or designation.

Cinemark objected that this request was, among other things, overly broad and unduly burdensome.

We hold that the trial court did not abuse its discretion in denying Piazza's motion to compel. There is no record regarding a hearing on the motion to compel, but the record shows that the motion was filed two days prior to the rescheduled summary judgment hearing. The trial court had previously granted Piazza's first motion for continuance of the summary judgment hearing and allowed Piazza extra time to obtain the discovery that had already been initiated. Piazza had more than ample time to conduct discovery. *See Klein & Associates Political Relations v. Port Arthur Independent School District,* 92 S.W.3d 889, 892–94 (Tex.App.-Beaumont 2002, pet'n den'd). Piazza filed his petition on March 13, 2002. Cinemark filed its motion for summary judgment on June 6, 2003. The trial court held the summary judgment hearing on August 15, 2003. Moreover, the trial court reasonably could have concluded that the request as worded was overly broad in scope or unduly burdensome. *See In re Greyhound Lines, Inc.,* 138 S.W.3d 19 (Tex.App.-San Antonio 2004, orig. proceeding). We hold that the trial court did not abuse its discretion in denying Piazza's motion to compel. The second point of error is overruled.

The judgment of the trial court is affirmed.

STRANGE, J., not participating.