Opinion filed October 27, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed October 27, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-03-00345-CV 

 

                                                    __________

 

                                        STEVEN PIAZZA, Appellant

 

                                                             V.

 

                                   CINEMARK,
USA, INC., Appellee

 



 

                                          On
Appeal from the 11th District Court

 

                                                          Harris
County, Texas

 

                                               Trial
Court Cause No. 2002-13006

 



 

                                                                   O
P I N I O N

 








This is an appeal from a take-nothing summary
judgment in an employment discrimination case filed pursuant to TEX. LAB. CODE
ANN. ch. 21 (Vernon 1996 & Supp. 2004 - 2005).  Steven Piazza sued his former employer,
Cinemark, USA, Inc., after he was terminated. 
In his petition, Piazza, a Caucasian male, alleged that he was denied a
promotion and was terminated because of his race.  Cinemark filed a motion for summary judgment,
which the trial court granted.  Piazza
presents two points of error on appeal, complaining of the summary judgment and
the denial of a motion to compel discovery. 
We affirm.  

In the first point of error, Piazza contends that
the trial court erred in granting Cinemark=s
motion for summary judgment and in denying his cross-motion for partial summary
judgment.  Cinemark moved for summary
judgment on the following grounds: 
Piazza could not show a prima facie case of discrimination, Cinemark
established legitimate nondiscriminatory reasons for its actions, and Piazza
failed to demonstrate that Cinemark=s
reasons were untrue or pretextual.  

Although Piazza alleged a cause of action under
Texas law, we will look to federal precedent for guidance because the relevant
parts of our state law Aare
patterned after Title VII of the federal Civil Rights Act.@ 
Quantum Chemical Corporation v. Toennies, 47 S.W.3d 473, 474
(Tex.2001).  In order to review a summary
judgment in an employment discrimination case, we must apply the burden‑shifting
analysis established by the United States Supreme Court.  Wal-Mart Stores, Inc. v. Canchola, 121
S.W.3d 735, 739 (Tex.2003)(citing Reeves v. Sanderson Plumbing Products,
Inc., 530 U.S. 133, 142‑43 (2000), and McDonnell Douglas Corp. v.
Green, 411 U.S. 792 (1973)).  Under
such analysis, a plaintiff must first establish a prima facie case of
discrimination.  Raytheon Company v.
Hernandez, 540 U.S. 44, 49-50 n.3 (2003). 
After a prima facie case is established, the burden then shifts to the
employer to articulate a legitimate, nondiscriminatory reason for its
employment action.  Raytheon Company
v. Hernandez, supra.  If the employer
meets this burden, the presumption of intentional discrimination disappears,
but the plaintiff can still prove disparate treatment by, for instance,
offering evidence demonstrating that the employer=s
explanation is pretextual.  Raytheon
Company v. Hernandez, supra.  

Section 21.051 of the Texas Labor Code provides: 

An employer commits an unlawful employment
practice if because of race, color, disability, religion, sex, national origin,
or age the employer:

 

(1) fails or refuses to hire an individual, discharges
an individual, or discriminates in any other manner against an individual in
connection with compensation or the terms, conditions, or privileges of
employment;  or

 








(2) limits, segregates, or
classifies an employee or applicant for employment in a manner that would
deprive or tend to deprive an individual of any employment opportunity or
adversely affect in any other manner the status of an employee. 

Section 21.125 clarifies Section 21.051 by providing that a
plaintiff need only demonstrate that race, color, sex, national origin,
religion, age, or disability was Aa
motivating factor@ for the
employment practice.   In order to
establish a prima facie case of discrimination under these provisions, a
plaintiff must produce evidence showing (1) that he is a member of a protected
class, (2) that he suffered an adverse employment action, (3) that he was
qualified for the job, and (4) that he was replaced by someone not in his
protected class.  Bowen v. El Paso
Electric Company, 49 S.W.3d 902, 908 (Tex.App. ‑ El Paso 2001, pet=n den=d).  

The record in this case shows that, after receiving
a right-to-sue letter from the Equal Employment Opportunity Commission, Piazza
filed suit alleging that Cinemark favored Hispanics and that it discriminated
against him when it failed to promote him to the position of general manager on
April 10, 2001, and when it fired him on July 21, 2001.  However, the general manager position about
which Piazza complains was given to a Caucasian male.  Also, according to Piazza=s deposition, the person who was hired
to replace Piazza after he was fired was Aa
white individual.@ Although
Piazza=s summary
judgment evidence indicated that one of his superiors, Patti Castillo,
generally preselected Hispanics or spouses of Hispanics for general manager
positions in her area, Piazza failed to produce any summary judgment evidence
indicating that race was a motivating factor in the April 2001 promotion or in
his July 2001 discharge B
the only two incidents of discrimination that were alleged in Piazza=s petition.  The summary judgment evidence shows that both
of these positions were actually filled by members of the protected class.  Thus, Piazza failed to meet his minimal
burden of showing a prima facie case of discrimination, and the trial court did
not err in granting Cinemark=s
motion for summary judgment.  








Piazza also contends in his first point of error
that he was entitled to partial summary judgment based upon the ruling of the
Texas Workforce Commission (TWC) granting unemployment benefits to Piazza based
upon its finding that Piazza was not discharged for work-connected Amisconduct@
as that term is used by the TWC.  The
issue decided by the TWC did not, however, in any way address
discrimination.  Therefore, Piazza=s argument concerning Adoctrine preclusion@ is without merit.  Piazza=s
first point of error is overruled.  

In his second point of error, Piazza contends that
the trial court abused its discretion in denying his motion to compel
discovery.  The record reflects that,
prior to the hearing on the summary judgment, Piazza filed a motion to compel
discovery and a second motion for continuance. 
In his brief, Piazza specifically complains of the trial court=s refusal to compel discovery with
respect to Piazza=s demand
that Cinemark: 

Produce all employment records of
all employees which include or reference Cinemark=s
evaluations, promotions, hirings, disciplinary actions and terminations from
the date Plaintiff was hired until the date Plaintiff was terminated and
provide the name, current address and current telephone number of each such
employee, along with such employee=s
racial classification or designation.  

Cinemark objected that this request was, among other things,
overly broad and unduly burdensome. 

We hold that the trial court did not abuse its
discretion in denying Piazza=s
motion to compel.  There is no record
regarding a hearing on the motion to compel, but the record shows that the
motion was filed two days prior to the rescheduled summary judgment
hearing.  The trial court had previously
granted Piazza=s first
motion for continuance of the summary judgment hearing and allowed Piazza extra
time to obtain the discovery that had already been initiated.  Piazza had more than ample time to conduct
discovery.  See Klein & Associates
Political Relations v. Port Arthur Independent School District, 92 S.W.3d
889, 892-94 (Tex.App. - Beaumont 2002, pet=n
den=d). 
Piazza filed his petition on March 13, 2002.  Cinemark filed its motion for summary
judgment on June 6, 2003.  The trial
court held the summary judgment hearing on August 15, 2003.  Moreover, the trial court reasonably could
have concluded that the request as worded was overly broad in scope or unduly
burdensome.  See In re Greyhound
Lines, Inc., 138 S.W.3d 19 (Tex.App. - San Antonio 2004, orig.
proceeding).  We hold that the trial
court did not abuse its discretion in denying Piazza=s
motion to compel.  The second point of
error is overruled. 








The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

October 27, 2005

Panel consists of: Wright, C.J., and McCall, J.

Strange, J., not participating.