

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-186-CV**

CENTAVA DOZIER                                                                    APPELLANT

V.

AMR CORPORATION                                                                    APPELLEES
AND AMERICAN AIRLINES, INC.

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

This is a summary judgment appeal. Appellees AMR Corporation and American Airlines, Inc. (collectively referred to as American) filed a no-evidence motion for summary judgment, and Appellant Centava Dozier subsequently filed a motion to compel American to respond to certain discovery requests and filed a motion for continuance. After a hearing on these motions, the trial court denied

---

[1] *See* Tex. R. App. P. 47.4.

Dozier's motion to compel and motion for continuance and granted summary judgment for American. In two issues, Dozier argues that the trial court erred by denying her motion for continuance and motion to compel and by granting American's no-evidence motion for summary judgment. For the reasons set forth below, we will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2006, Dozier was a passenger on an American flight from Dallas to Los Angeles. The flight departed Dallas at around 11:00 p.m., and Dozier fell asleep during the flight. During the descent into Los Angeles, Dozier awoke and noticed that a man seated at the end of her aisle was staring at her and masturbating. Dozier attempted to hide her face and discovered semen in her hair. The man got up and left that seat, and Dozier told the passenger sitting in front of her what had happened. That passenger informed a flight attendant. The captain contacted local law enforcement and ordered that the plane's doors remain shut until law enforcement arrived at the gate. When the passengers deboarded, the man was arrested.

In March 2008, Dozier sued American for negligence, gross negligence, and res ipsa loquitor. The parties filed an agreed discovery control plan in which the discovery period would end on March 1, 2009. During the discovery period, Dozier served American with two sets of discovery requests—which included interrogatories and requests for disclosures, admissions, and production—on June 17, 2008 and

on October 20, 2008. American responded to both sets of discovery requests on July 21, 2008 and on December 2, 2008, respectively.

On February 3, 2009, one month before the end of the discovery period, and approximately one year after Dozier filed suit, American filed a no-evidence motion for summary judgment. Dozier filed a response, attaching as evidence her own affidavit, the affidavit of her attorney, and copies of the incident reports of a flight attendant and of the captain. Dozier also filed a motion to compel discovery, asserting that American's discovery responses were inadequate, and a motion for continuance, requesting a continuance of the summary judgment hearing until after her "motion to compel is heard, subsequent order complied with by [American], [and she] has sufficient time to conduct responsive discovery." The trial court set a hearing on American's summary judgment motion and both of Dozier's motions for March 13, 2009.

On the day of the hearing, American filed a response to Dozier's motion for continuance, asserting that she had been given an adequate time to conduct discovery and that her motion did not comply with the requirements of Texas Rule of Civil Procedure 252. American also filed objections to Dozier's summary judgment evidence.

At the hearing, the trial court denied Dozier's motion for continuance, stating that it was not in proper form, and denied her motion to compel, reasoning that she was "a little bit late." The trial court also sustained American's objections to Dozier's

summary judgment evidence and granted American's no-evidence summary judgment. Dozier perfected this appeal.

### III. MOTION FOR CONTINUANCE AND MOTION TO COMPEL

In her first issue, Dozier argues that the trial court abused its discretion by denying her motion to compel American to respond to certain discovery requests and by denying her motion for continuance.

### A. Standard of Review

We apply an abuse of discretion standard to a trial court's ruling on a motion to compel. *See Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). We also review a trial court's ruling on a motion for continuance under an abuse of discretion standard. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for that of the trial court. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court must uphold the trial judge's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

## B. Motion to Compel

Dozier filed her motion to compel on February 13, 2009—almost three months after American had served its last responses and objections to Dozier's discovery requests, less than one month prior to the end of the agreed-to discovery period, and one week after American had filed its no-evidence summary judgment motion. At the March 13 hearing, the trial court pointed out that Dozier had the months of "August, September, October, November, December, and January" to file a motion to compel and did not do so. The court stated,"I don't have a whole lot of sympathy for you, waiting that long to ask for this, especially in view of the fact that [American's] summary judgment motion had been filed [one week before Dozier had filed her motion to compel]."

We cannot conclude based on these facts that the trial court's denial of Dozier's motion to compel was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Joe*, 145 S.W.3d at 161; *Austin*, 261 S.W.3d at 75. Rather, the trial court could have reasonably concluded from these facts that Dozier did not diligently pursue the discovery she now claims to need. *See Piazza v. Cinemark, USA, Inc.*, 179 S.W.3d 213, 216 (Tex. App.—Eastland 2005, pet. denied) (noting, in holding that trial court did not abuse its discretion by denying motion to compel, that plaintiff had more than ample time for discovery); *see also Fraud-Tech, Inc. v. Choicepoint, Inc.*, No. 02-05-00150-CV, 2006 WL 1030189, at *3 (Tex. App.—Fort Worth Apr. 20, 2006, no pet.) (mem. op.) (holding that denial of motion to compel was not an abuse of discretion when appellants failed to show due

diligence in requesting continuance).  We hold that the trial court did not abuse its discretion by denying Dozier's motion to compel.  *See Austin*, 261 S.W.3d at 75.

## C.  Motion for Continuance

Dozier sought a continuance of the summary judgment hearing "until after the court has held a hearing on the motion to compel, after the date defendants are ordered to file responses to the discovery request, and after plaintiff has sufficient opportunity to proceed with discovery based on the defendants' responses."  Dozier was not entitled to a continuance for the same reasons that she was not entitled to a motion to compel.  *See State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) ("It is also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance.").

Moreover, Dozier's motion for a continuance did not satisfy the requirements of the Texas Rules of Civil Procedure.  A motion for continuance seeking time for discovery must be supported by an affidavit that describes the evidence sought, explains its materiality, and shows that the party requesting the continuance has used due diligence to obtain the evidence.  Tex. R. Civ. P. 251, 252; *Rocha v. Faltys*, 69 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.).  The affidavit of diligence must state with particularity what diligence was used; conclusory allegations of diligence are not sufficient.  *Rocha*, 69 S.W.3d at 319.  A party who fails to use the rules to diligently pursue discovery is not entitled to a continuance. *Wood Oil Distrib.*, 751 S.W.2d at 865.

Here, Dozier's motion for continuance and supporting affidavit failed to demonstrate the diligence she used to obtain the specific discovery she sought. Her motion merely concludes that she "was unable to secure this testimony and evidence earlier even though she diligently used the discovery process, as detailed in her motion to compel." Neither her attorney's affidavit, attached to her motion, nor her motion to compel include any explanation of the diligence she used in discovery.

Because Dozier failed to diligently utilize the rules of civil procedure for discovery purposes and failed to satisfy the requirements of rule 252, we hold that the trial court did not abuse its discretion by denying her motion for continuance. *See Joe*, 145 S.W.3d at 161; *BMC Software Belg., N.V.*, 83 S.W.3d at 800.

Having held that the trial court did not abuse its discretion by denying Dozier's motion to compel and motion for continuance, we overrule her first issue.

## IV. NO-EVIDENCE SUMMARY JUDGMENT

In her second issue, Dozier complains that the trial court erred by granting American's motion for no-evidence summary judgment. American responds that Dozier failed to produce any evidence on each element of her negligence claim and that her remaining claims—for res ipsa loquitur and gross negligence—are not independent causes of action.[2]

---

[2]... As American points out, if Dozier's negligence claim fails, her remaining claims for gross negligence and res ipsa loquitur also must fail. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990) ("*Res ipsa loquitur* is simply a rule of evidence by which negligence may be inferred by the jury; it is not a separate cause of action from negligence."); *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 394–95 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (requiring finding of ordinary

## A. Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant

---

negligence as prerequisite to finding of gross negligence); *Seaway Prods. Pipeline Co. v. Hanley*, 153 S.W.3d 643, 659 (Tex. App.—Fort Worth 2004, no pet.) (holding that recovery for gross negligence is not available when no evidence supports negligence claim).

brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## B. No-Evidence Summary Judgment for American was Proper

American's no-evidence motion for summary judgment asserted that no evidence existed on each element of Dozier's negligence claim. Thus, to overcome American's no-evidence motion for summary judgment, Dozier had the burden to raise a genuine issue of material fact that American owed a legal duty to her, that American breached that duty, and that she sustained damages proximately caused by American's breach. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *see also* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton*, 249 S.W.3d at 426.

Dozier's summary judgment evidence consists of her own affidavit, which explained the incident and the "emotional burden" it took on her life, and three reports made by the pilot and flight attendants describing the incident. The trial court sustained all of American's objections to Dozier's summary judgment evidence.[3] Even assuming these exhibits were competent summary judgment evidence, they are, without more, insufficient to raise a genuine issue of material fact as to the duty, breach, and causation elements of Dozier's negligence claim.[4]

---

[3] ... Dozier also presented an affidavit from her attorney pertaining only to her motion for continuance and motion to compel.

[4] ... Dozier complains that the trial court should have given her an opportunity to amend her evidence, but the majority of American's objections alleged defects of substance, rather than form, and the trial court was not required to provide her an opportunity to amend those defects. *See* Tex. R. Civ. P. 166a(f); *CA Partners v.*

Dozier did not present any summary judgment evidence that American breached any duty owed to her. The existence of a legal duty is a question of law for the court to decide "from the facts surrounding the occurrence in question." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Generally, a person has no legal duty to protect another from the criminal acts of a third person absent certain special relationships or circumstances. *See id.*; *Newsom v. B.B.*, 306 S.W.3d 910, 913–14 (Tex. App.—Beaumont 2010, pet. filed). Dozier contends that American, as a common carrier, owed her a "high degree of care"; she asserts that American employees should have patrolled the aisles of the plane and policed passengers. But courts will not impose a duty unless the risk of harm is foreseeable. *See Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002). Dozier did not provide any evidence that American should have anticipated the dangers created by its alleged negligent acts. *See id.*; *see also Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998) ("The foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care on a person who owns or controls premises to protect others . . . from the risk."). Dozier's summary

---

*Spears*, 274 S.W.3d 51, 63–64 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) ("If a defect in a summary judgment affidavit is one of substance, the trial court is not required to provide an opportunity to amend."). To the extent that American alleged defects of form, Dozier failed to request a continuance to amend her summary judgment evidence or otherwise request the opportunity to cure the defects; consequently, she failed to preserve this issue for our review. *See Coleman v. Woolf*, 129 S.W.3d 744, 750 (Tex. App.—Fort Worth 2004, no pet.) (holding that when objections are made to nonmovant's summary judgment evidence, nonmovant must seek an opportunity to amend).

judgment evidence does not support her contention that American owed her a duty to prevent a fellow passenger from ejaculating on her or that it breached that duty.

The evidence also fails to show that any breach by American was the proximate cause of Dozier's injury. Proximate cause consists of cause in fact and forseeability. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). "The test for cause in fact, or 'but for causation,' is whether the act or omission was a substantial factor in causing the injury 'without which the harm would not have occurred.'" *Id.* (citing *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). "The test for forseeability is whether a person of ordinary intelligence would have anticipated the danger his or her negligence creates." *Sw. Key Program, Inc. v. Gil-Perez*, 81 S.W.3d 269, 274 (Tex. 2002). In her summary judgment response, Dozier merely recited the law on causation and made conclusory statements that American proximately caused her damages. She failed to present a scintilla of evidence that any act or omission by American was a substantial factor causing injury to her or that American should have anticipated any danger. *See id.*; *see also U.S. Rentals, Inc. v. Mundy Serv. Corp.*, 901 S.W.2d 789, 794 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (holding that, "by failing to specifically direct the trial court's attention to facts and summary judgment evidence . . . , U.S. Rentals raised no fact question on that issue").

Examining the entire record in the light most favorable to Dozier as the nonmovant, indulging every reasonable inference and resolving any doubts against American's motion, we hold that Dozier failed to bring forward more than a scintilla

of probative evidence that raises a genuine issue of material fact as to the duty, breach, and causation elements of her negligence cause of action.  *See Smith*, 288 S.W.3d at 424.  Consequently, we overrule Dozier's second issue.

## V. CONCLUSION

Having overruled Dozier's two issues, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DELIVERED: August 5, 2010