# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2010

Lyle W. Cayce
Clerk

No. 10-30074
Summary Calendar

CLARENCE RANDOLPH, JR.,

Plaintiff - Appellant

v.

G. LONDON, Captain; JAMES LEBLANC, Secretary of the Department of Corrections,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-179

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Clarence Randolph, Jr., Louisiana prisoner # 480981, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 and 28 U.S.C. § 1915(e)(2)(B)(i).

Randolph contends the district court erred by: (1) granting summary judgment on his claims against Secretary LeBlanc based on a lack of exhaustion; (2) dismissing his claims against Captain London in his official capacity,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding they were *not* cognizable under § 1983; (3) dismissing his claims against Captain London in his individual capacity as frivolous under § 1915(e); and (4) denying him relief because defendants failed to comply with discovery orders.

A summary judgment is reviewed *de novo*. *E.g.*, *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (standard of review for dismissal due to failure to exhaust administrative remedies *de novo*). A motion to dismiss being granted pursuant to Rule 12(b)(6) is likewise reviewed *de novo*. *E.g.*, *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Dismissal of a claim as frivolous is reviewed for abuse of discretion. *E.g.*, *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). Finally, discovery rulings are reviewed for abuse of discretion. *E.g.*, *Duke v. University of Texas at El Paso*, 729 F.2d 994, 995 (5th Cir. 1984).

The district court was correct in concluding Randolph failed to exhaust his administrative remedies concerning Secretary LeBlanc's administrative rulings. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust administrative remedies before filing suit. *See Jones v. Bock*, 549 U.S. 199, 202 (2007). Randolph presents no evidence supporting his contention there is an exception to this rule for claims based upon a defendant's adverse ruling in the administrative-remedy process. Moreover, Randolph presents no evidence to establish a genuine issue of material fact on whether he properly exhausted his administrative remedies against Secretary LeBlanc. Thus, the district court properly granted summary judgment on this ground. *See Cousin*, 325 F.3d at 637; *Powe*, 177 F.3d at 394.

The district court dismissed Randolph's claims against Captain London in his official capacity, concluding they were *not* cognizable under § 1983. Because Randolph does *not* specifically challenge this basis for the dismissal, any such claim is deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 10-30074

Randolph's claims against Captain London in his individual capacity were based upon allegations of retaliation for filing a grievance. Although Captain London did *not* move for dismissal of Randolph's claims against him in his individual capacity, the district court properly concluded they were frivolous and should be dismissed under § 1915(e).

First, Randolph's allegations of verbal abuse do *not* rise to the level of a constitutional violation and may *not* serve as the basis for § 1983 claims. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). To the extent Randolph asserts Captain London's profanity rose to the level of retaliation, any such harm is *de minimis. See Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Second, Captain London's alleged failure to follow prison procedures and regulations for Randolph's job transfer is insufficient without additional facts to establish a constitutional violation. *See Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000).

Third, Randolph fails to present "direct evidence of motivation" or "a chronology of events from which retaliation may plausibly be inferred" in support of his contention that Captain London transferred Randolph in retaliation for his refusal to dismiss a grievance against another prison officer. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotations and citations omitted).

Last, the district court concluded Randolph's allegations of denial of medical care were *not* sustainable because there was *no* evidence Captain London was responsible for the quality of Randolph's medical care. Because he does *not* dispute this assertion, any such contention is therefore abandoned. *See Brinkmann*, 813 F.2d at 748. Moreover, to the extent Randolph contends Captain London's actions ultimately endangered him and led to his physical injuries, Randolph has *not* established deliberate indifference because he has *not* shown Captain London was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" or that Captain London

3

No. 10-30074

"also dr[e]w the inference" of harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Randolph makes various allegations that could be construed as assertions the district court erred in denying him relief because defendants failed to comply with discovery orders.  He contends:  he never received copies of his medical records, in violation of the magistrate judge's order under Rule 26(a)(1); and defendants failed to "provide" a request for admissions under Rule 36.

In any event, both assertions would fail.  With respect to a claimed violation of Rule 26(a)(1), seven months passed between filing the discovery order and issuance of the report and recommendation, and Randolph never filed a motion to compel discovery as advised by the magistrate judge.  Additionally, given the bases for the district court's resolution of his medical-care claim, any error is harmless because Randolph has *not* shown the records would have assisted such a claim.

Additionally, Rule 36 does not require a party to request admissions.  To the extent Randolph asserts defendants failed to respond to his request for admissions, he never made one.  To the extent he contends defendants failed to respond appropriately to his requests for production of documents and interrogatories, his conclusional assertions of error are insufficient to warrant relief.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.