

NUMBER 13-11-00316-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

NICOLE MORRIS,                                                    Appellant,

v.

GREATER MCALLEN STAR PROPERTIES
AND STAR PROPERTIES/GMAC REAL
ESTATE, ET AL.,                                                  Appellees.

---

On appeal from the County Court at Law No. 3
of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellant, Nicole Morris, appeals the trial court's summary judgment in favor of

appellees, Greater McAllen Star Properties and Star Properties/GMAC Real Estate

(collectively "Star Properties"), Marilyn Hardison, individually and d/b/a Greater McAllen

Star Properties, Inc., and Jasen Hardison, individually and d/b/a Greater McAllen Star

Properties, Inc. By five issues, Morris contends that the trial court erred by: (1) granting appellees' no-evidence and traditional motions for summary judgment; (2) denying her motion for continuance of summary judgment hearing; (3) denying her motion to compel discovery and motion to reconsider the denial of the motion to compel discovery and request to compel Marilyn's and Jasen's depositions; (4) rendering a dismissal with prejudice of all claims asserted and that could have been asserted; and (5) denying her motion for new trial. We affirm as modified.

## I.   BACKGROUND

Morris was divorced from her ex-husband, Cristoph Morris, and won a judgment of $415,000 from him in 2005. Morris claimed in the trial court and on appeal that Cristoph improperly avoided her efforts to collect the amount owed. Appellees are Cristoph's employers.

On July 30, 2009, Morris filed an "Application for Turnover Relief and Plaintiff's Original Petition" accusing appellees of fraud and unlawful civil conspiracy to commit fraud.[1] Morris claimed appellees fraudulently stated that Cristoph is an employee of Star Properties when he is in fact an independent contractor.[2] Morris stated that "the representation [that Cristoph is an employee] appears to be false in that GREATER STAR PROPERTIES, INC. does not employ sale[s] agents as employee[s], but have [sic] independent contractor relationship with [Cristoph]." Morris further accused

---

[1] Morris further asked for the turnover of Cristoph's non-exempt property in his possession or control. Cristoph is not a party to this appeal, and Morris's application for turnover relief is not at issue in this appeal. Furthermore, the trial court granted appellees' second motion to sever Morris's cause of action against them from her claims against Cristoph on May 24, 2010. A new cause number was given to Morris's case against appellees.

[2] A party may not garnish an employee's income under Texas law; however, a party may garnish the income of an independent contractor.

appellees of conspiring with Cristoph with "the goal of depriving [her] of the lawful right to collect upon her Judgment against [Cristoph]."

On March 16, 2010, appellees filed a joint motion for traditional summary judgment and separate motions for no-evidence summary judgment. In their motions for no-evidence summary judgment, appellees each stated that there was no evidence regarding each element of fraud and conspiracy. In their motion for traditional summary judgment, appellees alleged that the evidence conclusively showed that Cristoph is an employee of Star Properties and attached evidence including the following: (1) a brochure from the Internal Revenue Service entitled, "Independent Contractor or Employee . . ."; (2) a transcript of Jasen's deposition taken in Cristoph and Morris's divorce[3]; (3) a job description of duties assigned to Cristoph[4]; (4) Star Properties "Real Estate Payroll Summary" for January 2008[5]; (5) Star Properties "Real Estate Employee

_____

[3] In his deposition taken on June 10, 2008, Jasen testified that Cristoph is an at-will employee of Star Properties, and Cristoph does not have a contract with Star Properties. Star Properties hired Cristoph as an employee approximately two and one half years prior to Jasen's deposition after Cristoph told Jasen that he would be leaving Star Properties. Star Properties now withholds Cristoph's federal income taxes from his paycheck. Independent contractor sales agents receive 1099 tax forms at the end of the year. Cristoph does not presently receive a 1099 form. Cristoph receives a Form W-2.

[4] The following responsibilities, among others, were also assigned to Cristoph: (1) supervising the daily activities of the office staff; (2) purchasing computer equipment and software; (3) assisting with and chairing weekly office meetings; (4) maintaining officer computer network and phone systems; (5) reviewing all closed file records; (6) preparing and filing monthly Star Properties performance reports; (7) managing the website tickler system and office websites; (8) providing various marketing and advertising duties; (9) assisting with training new agents; and (10) filing and processing payment of monthly franchise fees.

[5] The summary showed that in January 2008, Critoph's gross salary was $13,153.84 and that federal income taxes in the amount of $2,524.54 were withheld. Cristoph paid $190.74 to Medicare and $815.52 to social security.

3

Quick Report January 1 through June 10, 2008"[6]; (6) Cristoph's "Form W-2 Wage and Tax Statement[s]" for 2006 and 2007; and (7) Cristoph's W-4 form for 2005;.[7]

Morris filed a response to appellees' motions for traditional and no-evidence summary judgment on April 6, 2010. In her response, Morris claimed that Cristoph entered into an agreement to serve as an independent contractor, as a sales associate, with Star Properties. Morris stated that appellees claimed that Cristoph became an employee of Star Properties in 2006. Morris also alleged that there was more than a scintilla of probative evidence to raise a genuine issue of material fact regarding whether appellees committed fraud by stating Cristoph is an employee of Star Properties. Morris claimed that Marilyn said in a deposition in another unrelated case that there are only three employees and the other people working at Star Properties are independent contractors. Based on this evidence, Morris asserted that appellees' statement that Cristoph is an employee was a false representation.

On April 12, 2010, the trial court held a hearing on appellees' motions for traditional and no-evidence summary judgment. The trial court granted appellees' motions on May 6, 2010. On May 7, 2010, Morris filed a motion to compel discovery and for sanctions against Star Properties. On June 29, 2010, "on its own motion," the trial court vacated its previous orders granting appellees' motions for summary judgment. On that date, the trial court also set appellees' motions for summary

---

[6] The quick report shows that Star Properties issued a paycheck to Cristoph during the period of January 1 through June 10, 2008. The total amount paid to Cristoph was $33,368.73.

[7] In 2007, Cristoph received $100,258.45 in wages, tips, other compensation from Star Properties, and his social security wages were $97,500. $14,534.52 was withheld from Cristoph's pay for federal income taxes. Cristoph paid $6,045 in social security taxes and $1,453.75 in Medicare taxes. In 2006, Cristoph received $49,615.28 in wages, tips, and other compensation from Star Properties. $8,773.92 was withheld for federal taxes, $3,076.15 for social security taxes, and $719.42 for Medicare taxes.

4

judgment "for hearing, by submission only," on September 7, 2010. Morris filed a verified motion for continuance of summary judgment hearing on August 31, 2010, complaining that discovery remained open and that she had not had an adequate opportunity for discovery before the summary judgment hearing. In her motion for continuance, Morris alleged that appellees had "deliberately refused to provide" discovery on material and relevant issues raised in their motions for summary judgment. On September 7, 2010, the trial court held a hearing on Morris's motions for continuance and to compel discovery. The trial court did not rule on Morris's motion for continuance and to compel discovery. On December 28, 2010, the trial court granted appellees' motions for traditional and no-evidence summary judgment. This appeal followed.

## II.    MOTIONS FOR SUMMARY JUDGMENT

By her first issue, Morris contends that the trial court erred in granting summary judgment in favor of appellees. Morris argues that there is more than a scintilla of probative evidence that appellees committed fraud by stating that Cristoph is an employee.

## A.    Standards of Review and Applicable Law

Texas Rule of Civil Procedure 166a(i) sets out the requirements for a no-evidence motion for summary judgment as follows:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

5

TEX. R. CIV. P. 166a(i); *see Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 250 (Tex. App.—Corpus Christi 2001, pet. denied). Once a no-evidence motion for summary judgment has been filed, the burden shifts to the non-moving party to present evidence raising an issue of material fact as to the challenged elements. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).

In a no-evidence motion for summary judgment, we consider the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (citing *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)); *see City of Keller v. Wilson*, 168 S.W.3d 802, 825, 827 (Tex. 2005). A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch, Inc.*, 118 S.W.3d at 751. A no-evidence summary judgment is properly granted if the respondent does not bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.*

> Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."

*Id.*

When, as in this case, the trial court does not state the grounds upon which summary judgment was granted, we must affirm the judgment if any of the grounds advanced in the motion for summary judgment are meritorious. *Branton*, 100 S.W.3d at 647 (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). And when a party moves for summary judgment under both rules 166a(c) and 166a(i) of the Texas Rules of Civil Procedure, we first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

The elements of fraud are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

**B.      No-Evidence Summary Judgment**

In their no-evidence motions for summary judgment, each appellee alleged that there is no evidence of the following: (1) appellees made a material, false representation to Morris; (2) appellees knew any material representation made was false; (3) appellees made any material representation recklessly without any knowledge of the truth as a positive assertion; (4) appellees made any material, false representation with the intent that Morris should act upon it; and (5) Morris acted in reliance on any material, false representation by appellees. Appellees also alleged that

7

there was no evidence of each element of conspiracy.[8]  Appellees further argued that if appellees prevailed on their motions for summary judgment concerning fraud, appellees are entitled to summary judgment regarding civil conspiracy because it is a derivative tort requiring proof of an underlying tort.  Finally, appellees alleged that there was no evidence of legal damages and Morris's damages were "based upon a hypothetical earnings stream had [Cristoph] remained a commissioned salesman instead of becoming a salaried employee."[9]

In response Morris claimed that appellees had falsely stated that Cristoph is an employee of Star Properties, when he is actually an independent contractor.  Morris stated in her affidavit attached to her response that Jasen and Marilyn have claimed that Cristoph is an employee of Star Properties.  Morris provided Marilyn's deposition testimony from an unrelated case pointing to the following testimony:

Q    Tell me about the size of the—your company, the number of agents, employees that you have.

A    We range anywhere from about 16 to 18.  I think we have about 16 now.

Q    About 16 agents?

A    Uh-huh.

Q    And that's a yes, correct?

A    Yes.

---

[8] Appellees stated that there is no evidence that:  (1) appellees were "part of an arrangement between, or any 'coming together' of, two or more persons"; (2) "of any object to be accomplished by any two or more persons"; (3) appellees were "part of a meeting of the minds on the object or course of action"; or (4) appellees were parties "to one or more overt unlawful acts."

[9] Appellees further alleged that expert testimony was required to provide proof of Morris's claimed damages and because she had not provided any, Morris was unable to meet her burden of proving Cristoph's earnings as a commissioned real estate salesman.

8

Q      Okay.   And how many people—employees does—does your company have?

A      We have three.

Q      And what are the roles of those employees?

A      Two of them are assistants to me, Jason and Cristoph Morris, we make up a team, and one of them is a general secretary that works for all of the agents, and she has specific duties

Q      So, you've got—so, you have two—two—two assistants or three assistants?

A      Two.

Q      Two assistants.   Then, the third employee, what is the third employee?

A      She's like a secretary, administrative secretary for the entire office.

Q      All right.   And then all the others are agents.

A      Yes.[10]

Morris also pointed to Jasen's deposition testimony taken as part of the divorce proceedings between Morris and Cristoph.   Jasen testified that he owns forty-nine percent of Star Properties and that his mother, Marilyn, owns fifty-one percent.   Jasen stated that Cristoph is part of the team that includes Jasen, Marilyn, and their assistants.   Jasen further testified that Cristoph had been with the company for approximately nine years, but he stopped receiving commissions from Star Properties two-and-one-half years prior to June 10, 2008.   According to Jasen, real-estate agents are independent contractors and are paid on commission.   Finally, Morris provided a

---

[10] We note that Morris's attorney conducted the above deposition of Marilyn.  It is unknown what party Morris's attorney represented in that matter or the period or time in question.  Appellees filed a motion for sanctions complaining that Marilyn's attorney who represents her in this cause had not been notified that Morris's attorney would be asking Marilyn questions at the deposition in the unrelated case regarding Morris's cause of action for fraud in this case.  The trial court did not appear to rule on appellees' motion for sanctions.

copy of an independent contractor agreement for sales associate commencing on January 1, 2004 signed by Cristoph and Marilyn.

In order to defeat appellees' no-evidence motions for summary judgment, Morris is required to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact regarding every challenged element. *Mack Trucks, Inc.*, 206 S.W.3d at 581–82. Here, appellees challenged each element of Morris's fraud claim. Morris attempted to show through Marilyn's testimony that an issue of material fact exists regarding whether appellees falsely stated that Cristoph is an employee of Star Properties. Morris claims that Marilyn stated that Cristoph is an independent contractor in her deposition; however, Marilyn did not make such a statement.[11]

Even assuming that Marilyn implied in her deposition testimony that Cristoph is an independent contractor and not an employee, Morris offered no evidence that either Jasen or Marilyn made any false assertion with the intent that she rely on it, that Morris actually relied on it, or that Morris suffered an injury.[12] Therefore, Morris did not meet her burden of producing summary judgment evidence raising a genuine issue of

---

[11] Morris also relied on an independent contractor agreement for sales associate commencing on January 1, 2004 signed by Cristoph, and Marilyn. Morris appears to rely on the agreement as evidence that Cristoph is not an employee of Star Properties as appellees have stated. Morris provided no evidence contradicting Jasen's testimony that Cristoph became an employee of Star Properties in 2005 and merely argued that the independent contractor agreement must have been terminated by written notice, and that no written notice had been submitted. Although, Jasen did not state and there is no evidence that the independent contractor agreement had been terminated in writing, this is not evidence that Jasen or Marilyn falsely stated that Cristoph is an employee. The agreement merely shows that the agreement for Cristoph to be an independent contractor with Star Properties may have been terminated by the parties without written notice in contravention of the contract. Furthermore, in her deposition, Marilyn testified that a new independent contractor agreement is signed with the sales agents each year.

[12] Without citing any specific evidence, Morris generally claimed in her response to appellees' motions for summary judgment that she "has shown through her summary judgment evidence that the other elements of fraud have been met." On appeal, Morris states that she provided evidence that she relied on the allegedly false representation by "not proceeding with a garnishment action against Star Properties." However, Morris did not make this argument to the trial court, and we have no evidence in the record showing that appellees committed fraud.

10

material fact on all the challenged elements of her fraud claim.[13]  *See Mack Trucks, Inc.*,

206 S.W.3d at 581–82; *see also King Ranch, Inc.*, 118 S.W.3d at 751; *see also City of*

*Keller*, 168 S.W.3d at 825, 827.

## D.    Civil Conspiracy

Morris's civil conspiracy claim requires an underlying tort claim.  *See Ernst &*

*Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001) ("Because

Pacific's conspiracy and 'aiding and abetting' claims are premised on Ernst & Young's

alleged fraud, our conclusion on the fraud issue necessarily disposes of these other

claims.").  The only underlying tort Morris alleged is fraud.  Because summary judgment

was proper as to the fraud claim, it was also proper as to Morris's civil conspiracy claim.

*See id.*  Accordingly, we overrule Morris's first issue.[14]

### III.    MORRIS'S VARIOUS MOTIONS[15]

In her second issue, Morris generally contends that the trial court abused its

discretion by denying her motion to compel discovery and motions to reconsider the

denial of the motion to compel and requests to compel Marilyn and Jasen's depositions.

---

[13] On appeal, Morris claims that Jasen's and Marilyn's "intent was to convey to [her] that Cristoph was an employee to cause [her] delay and hindrance from collecting on the Judgment."  To support this claim, Morris only cites her affidavit reiterating the same claim, and there is no other evidence in the record regarding this assertion.

[14] Due to our finding that appellees are entitled to no-evidence summary judgment, we need not determine whether the trial court should have granted appellees motion for traditional summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600–02 (Tex. 2004); *see also* TEX. R. APP. P. 47.4; *Johnson v. Orange River Royalties, L.L.P.*, No. 13-10-00038-CV, 2011 Tex. App. LEXIS 1802, at *10 n.4 (Tex. App.—Corpus Christi Mar. 10, 2011, no pet.) (mem. op.).

[15] Although Morris identifies these as separate issues, she has briefed them together in a section stating, "The No-Evidence Motions for Summary Judgment Should Not Have Been Considered Until Adequate Opportunity for Discovery was Had.  The Trial Court Should not Have Denied the Motion to Compel Discovery and the Motion to Reconsider."  Therefore, we will address these issues together.

By her third issue, Morris contends that the trial court abused its discretion by denying her verified motion for continuance of the summary judgment hearing. Morris argues that in that motion she "established that there had not been adequate opportunity for discovery because Star Properties had refused to answer certain key Interrogatories and Requests for Production and Jasen and Marilyn had refused to sit for depositions."

Morris cites allegations she made in her verified motion for continuance as evidence that Jasen and Marilyn were "purposely delaying the discovery process while attempting to obtain summary judgment." Morris also alleges that her motion for continuance should have been granted because "there was no trial setting or Docket Control Order in effect at the time the Motions for Summary Judgment were to be considered by submission." According to Morris, this violates rule 166a(i) which states in the comments that "a discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before." *See* TEX. R. CIV. P. 166a(i).

## A. Applicable Law

We review a trial court's ruling on a motion to compel discovery under an abuse-of-discretion standard. *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). We also review a trial court's ruling on a motion for continuance under an abuse of discretion standard. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for that of the trial court. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex.

2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court must uphold the trial judge's discovery ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

## B.    Pertinent Facts

On November 30, 2009, appellees faxed responses to Morris's first request for disclosure, Star Properties's objections and answers to Morris's first set of interrogatories, and Star Properties's objections and responses to Morris's first request for production. On April 30, 2010, appellees faxed their first supplemental response to Morris's first request for disclosure. The record contains neither requests for production and interrogatories from Morris to appellees nor responses from Marilyn and Jasen to any requests for production and interrogatories made by Morris.

Appellees filed their motions for summary judgment on March 16, 2010. On March 22, 2010, the trial court set the summary judgment hearing for April 12, 2010. On April 6, 2010, Morris filed her response to appellees' motions for summary judgment. The summary judgment hearing was held on April 12, and the trial court granted appellees' motions for summary judgment on May 6, 2010.

Morris filed a verified motion for new trial complaining that notice of the summary judgment hearing was faxed and she was not given twenty-four days notice of the hearing as required by rules 21a and 166a(c) of the Texas Rules of Civil Procedure. On

13

June 7, 2010, the trial court vacated its May 6 summary judgment and set a hearing on appellees' motions for summary judgment by submission only on September 7, 2010. Morris filed a motion for continuance of the summary judgment hearing on August 31, 2010. On September 2, 2010, she filed a motion to reconsider its ruling her motion to compel discovery. The trial court granted appellees' motions for summary judgment on December 28, 2010.

## C.      Motion to Compel Star Properties to Comply with Discovery

Morris complains that the trial court abused its discretion in denying her motion to compel because Star Properties refused to comply with discovery. Morris alleges that the trial court implicitly overruled her motion to compel discovery. Although Morris claims the trial court denied her motion, there is no such order in the record. *See* TEX. R. APP. P. 33.1. However, assuming, without deciding that a trial court may implicitly deny a motion to compel discovery as Morris argues, we will address Morris's complaint in an abundance of caution.

Star Properties served Morris with its objections and answers to Morris's first set of interrogatories, and its objections and responses to Morris's first request for production on November 30, 2009. Morris did not file her motion to compel until May 7, 2010—over six months after she received Star Properties's objections.[16]

---

[16] In her motion, Morris complained that Star Properties "failed and refused without good cause to provide Answers and Responses" to her first set of interrogatories and first set of requests for production. Morris requested that Star Properties objections to interrogatories number 3–4, 6–9, and 13–19 be overruled and that it be ordered to fully provide complete answers to those interrogatories. Morris stated that Star Properties had "failed and refused to provide documents and information responsive to Request for Production No.'s 1, 6–19, 22, 41–42, and 47–48, without a Protective Order." She requested that the trial court order Star Properties to provide responsive documents and overrule any objections. In the alternative, Morris requested that the trial court issue a protective order concerning the above requests.

14

On appeal, Morris merely states that she was entitled to the information she requested in the interrogatories and requests for production because it was "essential to the development of her case." Morris does not argue that each of appellees' objections to her discovery requests were improper or provide analysis supporting such a conclusion; thus, entitling her to that information.[17] Therefore, Morris has not shown that the trial court should have overruled each of appellees' objections and should have compelled discovery. *See* TEX. R. APP. P. 38.1(i); *see also In re Hernandez*, No. 14-11-00408-CV, 2011 Tex. App. LEXIS 7981, at *2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2011, orig. proceeding) (mem. op.) (denying mandamus relief where petition did not contain argument, analysis and authority on all discovery requests at issue); *In re*

---

[17] In their first response to Morris's first requests for disclosure, appellees provided the correct names of the parties to the lawsuit, their defensive theory, and the contact information of persons having knowledge of relevant facts; appellees stated that there were no expert witnesses, no potential parties, no affirmative claim for damages, no indemnity agreement, no settlement agreement, no medical records or bills, and no known responsible third party. Morris requested "Any witness statements described in Rule 192.3(h), and appellees directed her to "the depositions previously taken by Plaintiff."

In its objections and answers to Morris's first set of interrogatories, Star Properties generally objected to Morris's interrogatories: (1) "to the extent that they attempt to impose duties and restriction on Defendant greater than is allowed under the Texas Rules of Civil Procedure"; (2) "to the instructions and definitions included with Plaintiff's interrogatories to the extent they are vague, ambiguous, and overly broad"; and (3) "to the disclosure to Plaintiff of any confidential information or information and documents not relevant to the subject matter of this litigation." Star Properties answered several of the interrogatories, objected to and subject to the objections answered other interrogatories, and objected to and did not answer several other interrogatories. Star Properties specifically objected to interrogatories for a variety of reasons including but not limited to a claim the interrogatories: (1) were "overly broad," vague, "not properly limited in time and scope," "general in nature and uncertain of meaning"; (2) sought privileged information"; (3) were duplicative of Morris's requests for disclosure and submitted for the purposes of harassment; (4) required it to "marshal all its evidence in violation of TEX. R. CIV. P. 194.2(c)"; and (5) sought irrelevant evidence and information "not likely to lead to the discovery of admissible evidence."

Star Properties made similar general objections in its objections and responses to Morris's first request for production. Star Properties made specific objections to many of Morris's requests for production, including but not limited to the following: (1) the request is "overly broad, unlimited in scope and seeks information that is nether relevant nor likely to lead to the discovery or relevant evidence"; (2) the information sought "is protected from disclosure under privacy rights of third-parties"; and (3) the request "fails to describe with particularity that which it seeks." In many of its responses, Star Properties offered to, subject to its objections, "make documents responsive to [Morris's requests] available for inspection and copying."

15

*Citizens Supporting Metro Solutions, Inc.*, No. 14-07-00190-CV, 2007 Tex. App. LEXIS 8550, at *4 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.) (same).

Moreover, on March 22, 2010, the trial court set a hearing on appellees' motions for summary judgment for April 12, 2010. Morris appeared through counsel at the summary judgment hearing held on April 12. Morris filed her motion to compel on May 7, 2010, almost one month after the trial court held the summary judgment hearing.

We cannot conclude based on these facts that the trial court's implicit denial of Morris's motion to compel was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe*, 145 S.W.3d at 161; *Austin*, 261 S.W.3d at 75. Rather, from these facts, the trial court may have found that Morris did not exercise due diligence in seeking discovery. *See Piazza v. Cinemark, USA, Inc.*, 179 S.W.3d 213, 216 (Tex. App.—Eastland 2005, pet. denied) (noting that the trial court did not abuse its discretion by denying motion to compel because plaintiff had more than ample time for discovery); *see also Fraud-Tech, Inc. v. Choicepoint, Inc.*, No. 02-05-00150-CV, 2006 Tex. App. LEXIS 3181, at *3 (Tex. App.—Fort Worth Apr. 20, 2006, no pet.) (mem. op.) (holding that denial of motion to compel was not an abuse of discretion when appellants failed to show due diligence in requesting continuance). Accordingly, we overrule Morris's second issue complaining that the trial court abused its discretion by denying her motion to compel Star Properties to provide discovery.[18]

---

[18] Morris provides no argument regarding the trial court's denial of her motion to reconsider its ruling on her motion to compel discovery. Therefore, we will not address the issue. *See* TEX. R. APP. P. 38.1(i).

**D.    Morris's Verified Motion for Continuance of the Summary Judgment Hearing**

Morris next claims that she did not have an adequate time for discovery because the trial court granted the summary judgments before the discovery period ended. Therefore, Morris concludes that the trial court abused its discretion by denying her motion for continuance.[19] Again, the record does not contain the trial court's ruling on Morris's verified motion for continuance of the summary judgment hearing. So, assuming without deciding that the trial court implicitly ruled on Morris's motion, we will address her claim.

Morris filed her verified motion for continuance of the summary judgment hearing on August 31, 2010. In her motion for continuance, Morris claimed that "discovery remain[ed] open." However in her petition, Morris alleged that discovery was intended to be conducted under "Level 2" of the Texas Rules of Civil Procedure. Morris did not state in her motion for continuance when she first served written discovery on appellees; however, in their response to Morris's motion, appellees stated that Morris served written discovery on them on October 30, 2009. Appellees claimed that based on that date, the discovery period ended on August 2, 2010—nine months later. Morris did not challenge that claim. *See* TEX. R. CIV. P. 190.3 (providing that discovery under level two begins when the suit is filed and ends the earlier of thirty days before the date set for trial, or "nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery"). Thus, Morris's August 31, 2010

---

[19] Morris appears to also assert that the trial court abused its discretion by denying her motion for continuance and motion to compel because Marilyn and Jasen allegedly refused to be deposed. We conclude that argument is inadequately briefed because Morris does not provide a clear and concise argument with citation to appropriate authority supporting her assertion. *See* TEX. R. APP. P. 38.1(i).

17

motion for continuance was filed outside the discovery period. The trial court granted appellees' motions for summary judgment on December 28, 2010. We conclude that Morris's assertion that she did not have an adequate time for discovery because the trial court granted the summary judgments before the discovery period ended is without merit.[20] Accordingly, we overrule Morris's third issue.[21]

## IV.  DISMISSAL WITH PREJUDICE

By her final issue, Morris contends that the trial court committed error in its order granting summary judgment by including the following language: "all claims made by Plaintiff against Defendants, or that could have been made by Plaintiff against Defendants, in the above-entitled and numbered cause are hereby dismissed with prejudice."

The Fourth Court of Appeals addressed a similar situation in *Martinez v. South Pacific Transportation Company*, 951 S.W.2d 824, 830 (Tex. App.—San Antonio 1997, no pet.), in which the plaintiff complained that the trial court erred by dismissing his cause of action by summary judgment. In that case, the judgment provided:

> On this 27 [sic] day of June, 1996, the court heard Defendant [Southern Pacific's] Motion for Summary Judgment, and having

---

[20] Morris states, "There was no trial setting or Docket Control Order in effect at the time the Motions for Summary Judgment were to be considered by submissions. A hearing was held on the day of submission of the Motions to set the case for trial. A Docket Control Order was signed the day after the submission date setting the jury trial for February 21, 2011." However, Morris does not explain how these facts are relevant to our analysis of whether the trial court abused its discretion by denying her motions for continuance and to compel discovery. *See* TEX. R. APP. P. 38.1(i).

[21] Moreover, the party seeking a motion for continuance must state with particularity what diligence was used; conclusory allegations of diligence are not sufficient. *Rocha v. Faltys*, 69 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). A party who fails to use the rules to diligently pursue discovery is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). Here, Morris merely stated in her verified motion for continuance that she had "exercised diligence in attempting to obtain the information and compel the information." Morris did not state with particularity what diligence was used. Accordingly, although no ruling appears in the record, the trial court could have properly denied Morris's motion for continuance on that basis.

18

considered the motion has determined it should be granted. It is therefore ORDERED that the above-styled and numbered cause be dismissed with prejudice as to [Southern Pacific] and that the Plaintiff take nothing from the Defendant. . . .

*Id.*

Noting that the trial court had disposed of the case by granting summary judgment, the court of appeals stated that the trial court should not have ordered dismissal. *Id.* The court found that "the proper judgment is that plaintiff take nothing." *Id.* The court of appeals then modified the judgment by deleting the order of dismissal with prejudice and affirmed the judgment of the trial court as modified. *Id.*

The judgment in the instant case is similar to that in *Martinez*. *See id.* We agree with the reasoning in *Martinez* and modify the judgment to delete the dismissal language.[22] *See id.* Accordingly, we delete the complained of language and substitute the following: It is further ordered, adjudged and decreed by the Court that Plaintiff take nothing.

## V. CONCLUSION

We affirm the trial court's summary judgment as modified.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
26th day of July, 2012.

---

[22] In a section in her brief entitled "Issues Presented," Morris states that her fifth issue is that the trial court abused its discretion by denying her motion for new trial. However, Morris has not provided any argument with citation to appropriate authority concerning her motion for new trial. *See* TEX., R. APP. P. 38.1(i). Nonetheless, in her motion for new trial, Morris made the same arguments she has made on appeal. Therefore, because we have concluded that summary judgment is proper in this case, the trial court did not abuse its discretion by denying her motion for new trial. We overrule Morris's fifth issue.

19