**Opinion issued October 25, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00343-CV

————————————

**RICHARD A. HAASE, Appellant**

**V.**

**GIM RESOURCES, INC.**
**CHRIS BLOCH, Appellees**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 08-DCV-165688**

---

## MEMORANDUM OPINION

In this fraud case, Richard Haase appeals the trial court's summary judgment

order in favor of GIM Resources, Inc. and Chris Bloch (collectively, GIM). On

appeal, Haase contends that the trial court erred in (1) granting summary judgment

in favor of GIM on Haase's fraud claim, (2) denying his motion to compel production, and (3) denying Haase his right to a jury trial. Finding no error, we affirm.

**Background**

In January 2008, Haase, the president and CEO of Clear Value, Inc., met with Element Markets and Bloch, president of GIM, to discuss the possibility of Element investing in the development and production of Haase's water combustion technology. Element hired Bloch as a consulting expert to evaluate Haase's technology and provide a recommendation regarding investment. At this meeting, GIM represented that Bloch was an "expert in the art of combustion and of combustion science" and that it would provide documentation of his expertise. GIM also promised to confer with Haase and his technical staff if Bloch had any questions about the technology. GIM never provided Haase with the documentation regarding Bloch's expertise, nor did it confer with Haase or his staff about the technology.

GIM provided its report to Element advising against investing in Haase's technology. In describing the technology, GIM identified a number of problems and concluded that it was not feasible to use the technology with current engine designs. After Element ended its negotiations with Haase and Clear Value, Haase sued GIM for fraud, negligent misrepresentation, and professional malpractice.

The trial court granted summary judgment in favor of GIM. In Haase's first appeal, we upheld the trial court's judgment as to all of Haase's claims except his fraud claim. *Haase v. GIM Res., Inc.*, 01-09-00696-CV, 2010 WL 3294247, at *8 (Tex. App.—Houston [1st Dist.] Aug. 19, 2010, no pet.). Because GIM did not present summary judgment grounds to rebut the fraud claim, we reversed summary judgment on that claim and remanded the case to the trial court for further proceedings. *Id.*

On remand, Haase amended his petition and reasserted his claim as a fraud claim, advancing arguments similar to those raised in his original petition. Haase's claim focuses on three particular representations made by GIM: (1) that Bloch was an expert in the field of combustion science, (2) that it would provide documentation confirming Bloch's expertise, and (3) that it would confer with Haase should he or his staff encounter any difficulty understanding the technology. Haase contends that he relied on these statements and would not have tendered his technology to GIM for evaluation without these assurances. Haase maintains that GIM's failures injured Haase, because GIM did not provide an expert report to support his patent application. Haase also maintains that GIM's failure to confer with him prevented him from receiving funding from Element. GIM again moved for traditional and no-evidence summary judgment, contending that Haase produced no evidence to support each element of his fraud claim and that the

allegations concerned only conditional promises of future performance. The trial court granted summary judgment.

**Discussion**

*Summary Judgment*

Haase contends that the trial court erred in granting summary judgment. We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and the movant is thus entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A genuine issue of material fact exists if the non-movant produces more than a scintilla of probative evidence regarding the challenged element. *See Ford Motor Co. v. Ridgway*, 135

4

S.W.3d 598, 600 (Tex. 2004); *see also Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003) ("More than a scintilla of evidence exists if it would allow reasonable and fair minded people to differ in their conclusions."). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

When, as here, "a trial court's order granting summary judgment does not specify the grounds relied upon, [we] affirm the summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). If the appellant fails to negate every possible ground upon which the judgment may have been granted, an appellate court must uphold the summary judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex.App.—Houston [1st Dist.] 2002, no pet.).

A person commits fraud by (1) making a representation of material fact (2) that is false (3) and was known to be false or asserted recklessly without knowledge of its truth (4) with the intent that the misrepresentation be acted upon, (5) and the person to whom the misrepresentation is made justifiably relies upon it (6) and is injured as a result. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). The defendant's acts or omissions must be a cause-

5

in-fact of the plaintiff's injury, *i.e.*, a substantial factor in bringing about an injury which would not otherwise have occurred. *See Formosa Plastics Corp. USA v. Presidio Eng. and Contractors Inc., 960 S.W.2d 41, 47 (Tex. 1998)*; *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). The maker of the misrepresentation must have had reason to expect the plaintiff to rely on his statement when the statement was made. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 580 (Tex. 2001). The transaction sued upon must be of the type the defendant could have contemplated. *See id.* Furthermore, promises of future performance generally do not constitute actionable fraud, as they are not representations of fact, but may be actionable if made with the intent and purpose to deceive and with no intention of performing. *Formosa Plastics Corp. USA*, 960 S.W.2d at 48.

Haase first points to two alleged fraudulent statements: GIM's representation that Bloch was an expert and GIM's promise to provide documentation of his expertise. According to Haase, had Bloch been an expert and GIM provided him with documentation of his expertise, this would show that Bloch did not understand the technology. He could then use that documentation and GIM's report advising against investment to show that his patent application, which had been denied for "obviousness," was not obvious because an expert did not understand it.

6

Haase, however, does not allege an injury caused by these two representations. *See Formosa Plastics Corp. USA, 960 S.W.2d at 47*. There must be some foreseeable causal connection between GIM's alleged fraud and the alleged harm. That connection in this case is insufficient to raise a fact issue. *See id.* Haase's patent application efforts were unrelated to the transaction in which GIM was involved. Element hired GIM to conduct the review and report of Haase's technology "solely for Element's benefit" to provide guidance on Element's investment decision. Haase produces no evidence that GIM was involved in Haase's patent application efforts or knew its report or expert credentials would potentially be used to support a patent application. Haase cannot maintain a fraud action alleging as injury a transaction of which GIM was neither aware nor should have been aware. *See Ernst & Young, L.L.P.*, 51 S.W.3d at 583 (holding that the maker of the misrepresentation must intend or have reason to expect the plaintiff to rely on his misrepresentation in the type of transaction sued upon). Because Haase has not alleged, nor produced any evidence of, a foreseeable injury caused by GIM's acts, summary judgment was proper on Haase's fraud claim.

Second, Haase points to GIM's alleged misrepresentation that it would consult with Haase if GIM did not understand his technology. He contends that his failure to consult resulted in Element not funding his technology. GIM's promise to

consult is a conditional promise of future performance. *See Formosa Plastics Corp. USA*, 960 S.W.2d at 48. As such, Haase had to raise evidence that would show that GIM had no intention of conferring with Haase when it made the promise. *See id.* Haase tendered his affidavit as evidence, but he does not aver to any facts demonstrating that GIM intended not to perform its promises when it made them. Haase's sole evidence of GIM's intent is that GIM never consulted with Haase regarding his technology. This, by itself, does not amount to evidence that GIM intended not to perform its promise. *See Formosa Plastics Corp. USA, 960 S.W.2d at 47. Accordingly,* we hold that the trial court did not err in entering summary judgment in favor of GIM with respect to Haase's fraud claim.

### *Motion to Compel Discovery*

Haase contends that the trial court erred in (1) denying his motion to compel production of documents, (2) failing to require that GIM provide a privilege log, and (2) failing to review in camera any responsive documents. We review a trial court's discovery rulings for abuse of discretion. *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion if it "issues a discovery order that is arbitrary and unreasonable, or without reference to guiding rules and principles." *In re BP Prods. N. Am., Inc.*, 263 S.W.3d 106, 111 (Tex. App.—Houston [1st Dist.] 2006,

8

orig. proceeding). To reverse a trial court's ruling on a motion to compel, the appellant must demonstrate not only that the trial court abused its discretion, but that the erroneous discovery order probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *Austin*, 261 S.W.3d at 75.

According to Haase, the trial court should have ordered production of the documents he requested, because they would provide proof of his fraud claim. Haase moved to compel production of eleven categories of documents. GIM objected to nine of those requests on the grounds that the requests were overbroad, unreasonably burdensome, not reasonably calculated to lead to admissible evidence, and sought information outside the permissible scope of discovery. GIM objected to three requests as privileged. The trial court sustained the objections and denied Haase's motion to compel, finding that GIM's responses were adequate.

On appeal, Haase does not contend that GIM possessed specific responsive documents and yet failed to disclose these documents. *See Austin*, 261 S.W.3d at 75 (upholding denial of motion to compel when movant did not specify undisclosed responsive documents or how these documents were relevant). Nor does Haase contend that the documents sought in his motion to compel are relevant to the determination of the two pivotal issues here: whether the GIM's representations about Bloch's expertise caused Haase actual injury and whether the representation of GIM that it would confer with Haase was more than a conditional

9

promise of future performance. Haase did not refute GIM's objections to his requests beyond asserting conclusory statements that his requests were not overbroad nor unduly burdensome and that the documents could lead to the discovery of admissible evidence that was not privileged. We hold that Haase fails to demonstrate that the trial court's denial of his motion to compel probably caused the court to improperly grant summary judgment in favor of GIM. *See* TEX. R. APP. P. 44.1(a); *Austin*, 261 S.W.3d at 75. Because the trial court did not abuse its discretion in denying the motion to compel, and Haase did not show that the documents he requested were relevant to his fraud claim, we need not reach Haase's requests for a privilege log and in camera review of the documents.

## *Denial of a Jury Trial*

Finally, Haase contends that he was denied right to a trial by jury pursuant to the Seventh Amendment of the United States Constitution. We disagree. It is well-settled that summary judgment does not deny the losing party its constitutional right to a jury trial, because the ruling means that no issues of fact exist for a jury to consider and decide. *In re Peterson*, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined.").

## Conclusion

We hold that Haase fails to raise a fact issue with evidence to support his

fraud claim, and therefore the trial court did not err in granting summary judgment. Further, Haase did not establish that the trial court's denial of his motion to compel production was an abuse of discretion. Finally, the grant of summary judgment against Haase did not deny him his Seventh Amendment right to a jury trial. We affirm the judgment of the trial court.


                                        Jane Bland
                                        Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.