**Affirmed; Opinion Filed June 21, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00296-CV

**CJY INVESTMENT, L.L.C., ET AL, Appellants**
**V.**
**UNITED CENTRAL BANK, ET AL, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-04102**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Appellants, CJY Investment, L.L.C., Young Hee Chung, and Chun W. Chung, sued appellees, James D. Yoo, Ki Na, Chong Na, Chan Chan Investment, L.L.P., Na Family Corporation, and United Central Bank for fraud, fraud in the inducement, fraud by nondisclosure, bank fraud, and conspiracy. The trial court granted summary judgment for appellees.

Appellants raise four issues on appeal: (1) The trial court erred in granting appellees' no-evidence and traditional motions for summary judgment in light of their failure to respond properly to discovery or produce any documents in response to plaintiff's discovery requests; (2) the trial court erred in denying plaintiff's motion for continuance of the summary judgment hearing in light of the need for discovery to adequately respond to summary judgment motions;

(3) the trial court erred in granting Yoo's no evidence motion for summary judgment because adequate time for discovery had not occurred because of the conduct of the Na defendants[1]; and (4) the trial court erred in granting Yoo's motion for traditional summary judgment because genuine issues of fact existed on the issue of the running of the statute of limitations and on the issue of Yoo's liability as a conspirator. All issues are decided against appellants. We affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL CONTEXT

In 2006, Chan Chan Investment, L.L.P ("CCI") "owned" a business known as "Beverage Palace." Ki Na and Chong Na were the "owners" of CCI. At some point during 2006, Ki Na "began to search for a buyer" of Beverage Palace and the real property where it was located. CCI's asking price for the business and real property was $4,800,000.

According to appellants, Ki Na's real estate broker "introduced him to Chung,"[2] who was "looking to invest in a business." They allege that Ki Na provided "Chung" with the financial statements of Beverage Palace and a copy of the contract under which CCI purchased "Beverage Palace."[3] According to appellants, Na represented to "Chung" that the market price of the real property where Beverage Palace was located was $3,500,000.

In February 2006, "Chung" formed CJY Investment, L.L.C ("CJY"). At that time, CJY executed a contract with CCI[4] for the purchase of Beverage Palace and the real property. Appellants' allege Ki Na's real estate broker "introduced Chung" to United Central Bank

---

[1] Appellants identify the "Na defendants" as Ki Na, Chong Na, Chan Chan Investment, L.L.P., and Na Family Corporation.

[2] The record does not reflect whether the person identified as "Chung" is Young Hee Chung, or Chun W. Chung, both of whom are parties to this lawsuit.

[3] The record does not reflect whether these documents contained information pertaining to the business, Beverage Palace, the property where Beverage Palace was located, or both.

[4] The record does not reflect exactly when this contract was executed. The parties contend it was executed in February 2006, and it states "The execution of this contract by the first party constitutes an offer to buy or sell the Property. Unless the other party accepts the offer by 5:00 p.m., in the time zone in which the Property is located, on February 11, 2006 the offer will lapse and become null and void."

("UCB") so that "Chung" could obtain financing. At that time, James D. Yoo was Chairman of UCB's Board of Directors.

UCB did make two loans to CJY in July 2006 to affect the purchase: one in the amount of $2,000,000, and the other in the amount of $1,500,000. The United States Small Business Administration guaranteed the $2,000,000 loan pursuant to 15 U.S.C. § 636 (2015). Both loans were secured by a first lien deed of trust on the real property and a lien on all the assets of Beverage Palace. Additionally, UCB required Chun W. Chung to individually guaranty both loans. Appellants allege that in addition to the $3,500,000 provided by UCB, "Chung paid $1.2 Million . . . for the closing." "The transaction" closed in July 2006.

In September 2010, the North Texas Water District sought to purchase an "easement for water pipes" on the real property where Beverage Palace was located. According to appellants, "CJY requested the value of the property as the purchase price" of the easement. The North Texas Water District obtained an appraisal of the property, which appellants allege reflected "the market price of the property" to be less than half the property value "represented by Na."

On April 1, 2011, Appellants sued appellees for fraud, fraud in the inducement, fraud by nondisclosure, bank fraud, and "conspiracy," alleging appellees agreed to do "any or all of the acts" that constituted fraud, fraud in the inducement, fraud by nondisclosure, and bank fraud. Appellees filed a general denial answer. On July 30, 2012, the parties filed an agreed motion for continuance and extension of discovery deadlines. That motion stated that the case was set for trial the week of August 20, 2012, and that:

> [t]he parties have agreed to attempt to settle this cause of action before additional time and resources are expended to proceed with the litigation. Because some of the parties are organizations that require approvals on terms of settlement by company hierarchy, the parties have agreed to continue the trial setting of this cause to allow adequate time for settlement negotiations and to proceed with discovery should settlement not be reached.

Appellants allege that settlement negotiations "fell through" because UCB refused to agree to terms "after several months." The case was set for trial on January 7, 2013.

On October 19, 2012, the Na defendants filed a traditional and no-evidence motion for summary judgment. On November 8, 2012, UCB filed a no-evidence motion for summary judgment. On November 9, 2012, Yoo filed a traditional and no-evidence motion for summary judgement. Appellants responded to all three summary judgment motions. Then, appellees requested the trial court set the summary judgment motions for a hearing. The trial court set the hearing for January 7, 2013, the date of the original trial setting. Pursuant to Texas Rule of Civil Procedure 190.3(b)(1)(B)(i),[5] the discovery period ended on December 7, 2012, thirty days prior to the January 7, 2013 trial setting.

On December 21, 2012, appellants filed a motion for continuance of the summary judgment hearing that stated, in pertinent part:

> Plaintiffs ask the court to grant a continuance so they can collect and review the depositions so as to properly respond to the aforementioned motions for summary judgment. . . .
> Plaintiffs cannot present by affidavits facts essential to respond to the motions and need additional time to secure depositions. As provided in Texas Rule of Civil Procedure 166a(g), the court should either grant Plaintiff additional time to respond to the motion for summary judgment or deny the motion for summary judgment.

Appellees opposed the motion for continuance. The trial court heard appellants' motion for continuance and the summary judgment motions at one hearing on January 7, 2013, denied the

---

[5] That rule states, in pertinent part:

(b) *Limitations.* Discovery is subject to the limitations provided elsewhere in these rules and to the following additional limitations:
   (1) Discovery Period. All discovery must be conducted during the discovery period, which begins when suit is filed and continues until:
     . . .
    (B) in other cases, the earlier of
    (i) 30 days before the date set for trial, or
    (ii) nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery.

motion for continuance, and granted summary judgment for all appellees. Appellants timely appealed.

## II. STANDARDS OF REVIEW

"We review a trial court's grant of summary judgment de novo." *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a traditional summary judgment in favor of a defendant, "we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense." *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). A matter is conclusively proved if "ordinary minds could not differ as to the conclusion to be drawn from the evidence." *Estate of Hendler*, 316 S.W.3d 703, 707 (Tex. App.—Dallas 2010, no pet.).

In reviewing a no-evidence summary judgment in favor of a defendant, we apply the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166(a)(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex. App.—Dallas 2000, no pet.). We must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 885 (Tex. App.—Dallas 2011, no pet.). More than a scintilla of evidence exists if the evidence would allow "reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). "Evidence that is so slight as to make any inference a guess is in legal effect no evidence." *Id.* In reviewing both a traditional and a no-evidence summary judgment, "we take evidence favorable to the nonmovant as true, and indulge every reasonable inference and resolve every doubt in favor of the nonmovant." *Smith*, 285 S.W.3d at 909.

The decision to deny a motion for continuance is reviewed for "a clear abuse of discretion." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).

–5–

Additionally, this Court reviews the trial court's determination that there has been an adequate time for discovery for an abuse of discretion. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Joe*, 145 S.W.3d at 161.

### III. MOTION FOR CONTINUANCE

Appellants' second issue asserts, "the trial court erred denying plaintiff's motion for continuance of the summary judgment hearing in light of the need for discovery to adequately respond to summary judgment motions." Appellants' third issue argues, "the trial court erred in granting Yoo's no evidence motion for summary judgment because adequate time for discovery had not occurred because of the conduct of the Na defendants." We address these issues together as they both address appellants' claims of need for discovery and inadequate time to conduct discovery as grounds for a continuance.

### A. Applicable Law

A party may move for no-evidence summary judgment "after adequate time for discovery." TEX. R. CIV. P. 166a(i). This rule does not require that discovery has been completed. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). "An adequate time for discovery is determined by the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case had been active in the trial court." *Id.* Additionally, appellate courts consider "the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought."

–6–

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (Denying motion for continuance of special appearance hearing and concluding seven months was "ample time" for discovery); *see also Piazza v. Cinemark, USA, Inc*., 179 S.W.3d 213, 216 (Tex. App.—Eastland 2005, pet. denied) (affirming summary judgment for defendant and concluding eighteen months was "more than ample time to conduct discovery"); *see also McClure v. Attebury*, 20 S.W.3d 722, 730 (Tex. App.—Amarillo 1999, no pet.) (affirming no-evidence summary judgment for defendant where plaintiff had seven months for discovery and did not attempt to initiate discovery during that time); *see also Draper v. Garcia*, 793 S.W.2d 296, 301–02 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (affirming summary judgment for defendant because petition had been on file for more than a year and this was "ample time" for discovery).

## B. Application of Law to the Facts

Appellants filed suit on April 1, 2011. After approximately nineteen months, on October 26, 2012, the Na defendants filed the first motion for summary judgment. Then, on December 21, 2012, Appellants filed their motion for continuance. That motion states only the following:

> Plaintiffs expect that depositions and further discovery will bring forth additional evidence to support their claims against defendants. Specifically, Plaintiffs expect to bring forth evidence on the conspiracy between the defendants regarding the property in questions. Plaintiffs expect to elicit evidence of agreements between Defendants to help the Nas to sell the property in question so that the Nas could then take additional loans from United Central Bank to finance a different property. Furthermore, Plaintiffs expect to uncover more evidence regarding the buyback agreement there within and the fraudulent nature of that agreement. Specifically, entering into the agreement and depleting the corporate entity that was to buy back the business.

A party claiming a continuance is necessary in order to conduct discovery must establish "the materiality and purpose of the discovery sought." *See Joe*, 145 S.W.3d at 161. In their motion for continuance, appellants did not identify with particularity the evidence they sought.

They made only vague assertions that they expect discovery will "bring forth additional evidence to support their claims against defendants."

Further, the record reflects, over the approximately nineteen months between when suit was filed and the summary judgment motions were filed, appellants did not take any depositions of the defendants. Nor, did they take any depositions after the summary judgment motions were filed and before the motion for summary judgment hearing took place, a period of approximately three months. On this record, we conclude appellants have not demonstrated: (1) there has been inadequate time to conduct discovery; (2) their need for discovery; (3) that they "exercised due diligence to obtain the discovery sought"; or (4) that the trial court abused its discretion in denying the motion for continuance. *Id.* Appellants' second and third issues are decided against them.

## IV. SUMMARY JUDGMENT FOR THE NA DEFENDANTS

Appellants' first issue posits, "the trial court erred in granting [the Na Defendants'] no-evidence and traditional motion [sic] for summary judgment in light of [the Na Defendants'] failure to respond properly to discovery or produce any documents in response to plaintiff's discovery requests." Appellants elaborate arguing they "could not adequately respond" to the Na Defendants' summary judgment motion because of "deliberate and intentional conduct in refusing to properly respond to discovery or produce any documents." However, appellants do not identify any particular requests for discovery to which the Na Defendants did not respond, and the record before us does not contain any requests for discovery served by appellants on the Na Defendants. The appellants bear the burden "to bring forward the record of the summary judgment evidence" to provide an appellate court with "a basis to review [their] claim of harmful error." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990). If pertinent summary judgment evidence considered by the trial court is not included in the appellate record, "an

appellate court must presume that the omitted evidence supports the trial court's judgment." *Id.* On this record, we cannot say the trial court erred. Appellants' first issue is decided against them.

## IV. STATUTE OF LIMITATIONS AND CONSPIRACY

Appellants' fourth issue asserts the trial court erred in granting Yoo's motion for traditional summary judgment because a "genuine issue of fact exists on the issue of the running of the Statute of Limitations and because a genuine issue of fact exists on Yoo's liability as a conspirator." The record reflects that in the trial court, appellees contended pursuant to applicable statutes of limitations, appellants' conspiracy claim "expired" in 2008 and appellants' fraud claims "expired" in 2010. However, appellants asserted the statutes of limitations have not barred their claims because appellants "had no reason to know of the nature of the injury until May of 2011."

In their brief filed in this Court, appellants contend they "produced numerous documents through their response to Yoo's summary judgment motions giving rise to an inference that the Defendants fraudulently concealed their wrongful conduct." They argue further, "a genuine issue of fact existed on Yoo's affirmative defense of the running of the Statute of Limitations." However, appellants do not describe the documents they say they "produced" in their response to Yoo's motion for summary judgment. Nor, have appellants explained how any such vaguely referenced documents create a fact issue as to whether the statutes of limitations barred their claims. As described above, the appellants bear the burden "to bring forward the record of the summary judgment evidence" to provide an appellate court with "a basis to review [their] claim of harmful error." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990). If pertinent summary judgment evidence considered by the trial court is not included in the appellate record, "an appellate court must presume that the omitted evidence supports the trial court's judgment."

*Id.* Appellants have not specified how any of their summary judgment evidence creates a fact issue.

As to the second part of appellants' issue pertaining to their civil conspiracy claim, appellants assert:

> A defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. Even if the Trial Court finds that Yoo made no representations and no conduct of Yoo directly caused the damages of Appellants, if any of the Na Defendants are found to be liable, the conspiracy claim can be asserted against Yoo since the Na Defendants are also defendants in the cause. As such, the court erred in granting Yoo's Traditional Summary Judgment.

This argument fails to identify any document or other evidence appellants produced in response to Yoo's motion for summary judgment that shows a fact issue was raised as to whether any defendant made a misrepresentation. As with appellants' earlier arguments, appellants have not identified their summary judgment evidence or how such vaguely referenced evidence creates a fact issue. *See id.*

We decide this issue against appellants.

## V. CONCLUSION

The judgment of the trial court is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

130296F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CJY INVESTMENT, L.L.C., ET AL,
Appellants

No. 05-13-00296-CV     V.

UNITED CENTRAL BANK, ET AL,
Appellees

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-04102.
Opinion delivered by Justice Lang. Justices
Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

It is **ORDERED** that appellees UNITED CENTRAL BANK, ET AL recover their costs

of this appeal from appellants CJY INVESTMENT, L.L.C., ET AL.

Judgment entered this 21st day of June, 2016.

–11–